# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES of AMERICA, *ex rel.*, )<br>LOUIS LONGO, )<br> )<br> Plaintiffs, )<br> )<br> v. )<br> )<br>WHEELING HOSPITAL, INC., )<br>R&V ASSOCIATES, LTD., and )<br>RONALD L. VIOLI, )<br> )<br> Defendants. ) | Civil No. 17-1654 |

## OPINION

This qui tam action was originally filed on behalf of the United States of America, by Louis Long, also known as the "Relator," on December 12, 2017. ECF No. 1. On November 30, 2018, the United States elected to intervene, in part, in this action (ECF No. 10), and filed its Intervenor Complaint on March 25, 2019 (ECF No. 19). On May 10, 2019, the Defendants filed a Motion to Transfer Venue in this case to the United States District Court for the Northern District of West Virginia. ECF No. 26. On May 13, 2019, the Court held a telephonic conference to discuss the government's informal request for early discovery, specifically the government sought an expedited video deposition of Defendant Roland Violi. ECF No. 35. The Court directed the parties to discuss resolution of this issue, but since the parties were unable to agree on a solution, the government filed a Motion for Leave to Preserve the Testimony of Mr. Violi by Conducting an Early Deposition. ECF No. 37.

Oral argument on both motions was held on June 4, 2019. For the reasons that follow, the Court grants Defendants' motion to transfer venue to the Northern District of West Virginia. In

addition, the Court defers ruling on the government's motion to take an early deposition of Mr. Violi, in order to allow the receiving Court to decide that issue. The Court will, however, order that counsel for Mr. Violi submit, in camera, to the Judge assigned to this action in the Northern District of West Virginia, an update of the May 28, 2019 status report submitted to this Court. Pending a ruling by the Northern District of West Virginia Court, there shall be no deposition of Mr. Violi.

## I.    BACKGROUND

Defendant Wheeling Hospital, Inc. is a non-profit, acute care hospital, located in Wheeling West Virginia. Defendant R&V Associates, LTD, is a management consulting company located in Pittsburgh, Pennsylvania. In 2006, Wheeling Hospital and R&V Associates entered into a management consulting contract. Defendant Ronald Violi is a principal member, and managing director, of R&V Associates, along with non-party Vincent Deluzio. Mr. Violi served as Wheeling Hospital's Chief Executive Officer from 2006, until his retirement on May 24, 2019. Relator, Louis Longo, is a former Executive Vice-President of Wheeling Hospital, who resides in Pittsburgh, Pennsylvania. Mr. Longo was hired by Mr. Violi in 2011, during a meeting at R&V Associate's Pittsburgh, Pennsylvania office. Mr. Longo worked in that position until 2015.

On December 12, 2017, Mr. Longo commenced this *qui tam* action on behalf of the United States, pursuant to the federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3732. Mr. Longo sued Wheeling Hospital, Inc., R&V Associates, LTD, and Roland L. Violi, alleging that the Defendants perpetrated a scheme, wherein they presented false or fraudulent claims for payment to Medicare and Medicaid. The crux of the government's Intervenor Complaint concerns allegations that Defendants entered into improper financial relationships with physicians that violated the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), and the "Stark Law's" prohibition on physician "self-referrals," 42 U.S.C. § 1395nn.

## II.  STANDARD OF REVIEW

The issue before the Court is whether this case should be transferred to the Northern District of West Virginia, pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought.

28 U.S.C. § 1404(a).  In resolving this question, a court must consider, "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995).  "The defendant bears the burden of proving that venue is proper in the transferee district and that convenience and justice would be served by transferring the action to another district." United States v. T.F.H. Publications, Inc., No. 2:10CV437, 2010 WL 4181151, at *2 (W.D. Pa. Oct. 20, 2010) (citing Jumara, 55 F.3d at 879).

## III.  DISCUSSION

There is no dispute that this action may have been brought in the Northern District of West Virginia, and therefore venue in the proposed transferee district is proper.  In Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 30-31 (1988), the Supreme Court explained "that section 1404(a) was intended to vest district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." Jumara, 55 F.3d at 883 (3d Cir. 1995).  In exercising the court's discretion, the court also considers the non-exhaustive[1] private and public factors enumerated by the United States Court of Appeals for the Third Circuit in Jumara.

---

[1] In Jumara, the Court specifically stated that "there is no definitive formula or list of the factors to consider." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citing 1A PT. 2 JAMES W. MOORE & BRETT A. RINGLE, FEDERAL PRACTICE ¶ 0.345[5], at 4363 (2d ed. 1995)).

The private factors identified by the Third Circuit include the parties' preferences; where the claims arose; the convenience of the parties; the convenience of the witnesses, "but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; and the location of books and records, "similarly limited to the extent that the files could not be produced in the alternative forum." Jumara, 55 F.3d at 879. The public factors include the enforceability of the judgment; practical considerations that could make the trial easier, more expeditious, or less expensive; relative administrative difficulties pertaining to court congestion; "the local interest in deciding local controversies at home"; the public policies of the fora; and the familiarity of the trial judge with applicable state law in diversity cases. Id. After careful consideration of the Jumara factors to the present case, the Court concludes that Defendants have met their burden and that the interest of justice is best served by transferring this case to the Northern District of West Virginia.

Considering the parties' preferences, the factor that most favors the United States and the Relator, is that Mr. Longo chose to file suit in this district, and the United States adopted that decision, and defends it against Defendants' request to transfer. "Ordinarily, a strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome only when the balance of the public and private interests clearly favors an alternate forum." Windt v. Qwest Comms. Intern., Inc., 529 F.3d 183, 190 (3d Cir. 2008); Jumara, 55 F.3d at 879 ("Ordinarily, in a § 1404(a) analysis, the plaintiff's choice of forum is afforded substantial weight"). The presumption in favor of a plaintiff's choice of forum, however, is diminished when the real party of interest is the United States. United States v. Ohio Art Co., No. 10–0230, 2010 WL 3155160, at *2 (W.D.Pa. July 30, 2010) ("in a qui tam action the real party in interest is the United States and, accordingly, the relator's choice of venue is not entitled to the same level of deference"). The relator's choice of forum is also "given less weight when fewer of the operative facts took place in that forum, and the defendant indicates a strong preference for another district." Ohio Art Co.,

2010 WL 3155160, at *2.  As for the Defendants, all three have stated a strong preference that this case be transferred to West Virginia.  Although the government emphasizes that three of the four parties to this action reside in this district, the fact that the two Pennsylvania Defendants not only consent to transfer, but argue in favor of transfer, diminishes the Relator's choice of forum.

Significantly, the evidence presented to the Court at this time indicates that nearly all of the operative facts took place in West Virginia.  While the government emphasizes "the centrality of R&V and Violi to the United States' claims in this case, and the significance of their Pittsburgh Residence," it fails to support this assertion with allegations that either R&V Associates or Mr. Violi engaged in any conduct in this district forming part of the operative facts of the Intervenor Complaint.  Pltfs' Mem. Opp. 6 (ECF No. 43).  The government argues that Mr. Violi worked from Pittsburgh one day per week, that Mr. Longo met with him in Pittsburgh three times during his four-year tenure, one of which was when he was offered a position at Wheeling Hospital, and that Mr. Longo had observed that Mr. Violi had conducted Wheeling Hospital business at his Pittsburgh office.  Mr. Longo does not allege that any of the business he conducted with Mr. Violi in Pittsburgh, or other business that Mr. Violi may have conducted out of his Pittsburgh office, formed part of the operative facts of the qui tam action.  The Court's consideration of all parties' forum preference thus strongly favors transfer to the Northern District of West Virginia.

As indicated above in discussing the operative facts, the claims in this case arose in West Virginia.  The government again points to where three of the four parties reside, and the fact that Mr. Violi worked in Pittsburgh one day per week.  The government also argues that Wheeling Hospital engaged a management consulting firm located in Pittsburgh, recruited physicians from this district, and marketed to and served patients who reside in this district. Nonetheless, a review of the Intervenor Complaint demonstrates that the claims arose in the Northern District of West Virginia. See Intervenor Compl. ¶¶ 57-64 (introduction to the fraud scheme); ¶¶65-116 (physician

relationships); ¶¶ 117-128 (false claims and statements); ¶¶129-152 (scienter); ¶¶153-167 (materiality). While there are connections to this district, consideration of where the operative facts arose, strongly favors transfer to the Northern District of West Virginia.

In addition, the Court agrees with Defendant that the local interest in deciding local controversies at home, in this case, strongly favors transfer to West Virginia. The operative facts occurred in West Virginia, at a public hospital in Wheeling, West Virginia, that employees and treats West Virginians. Gilbert, 330 U.S. at 509 ("In cases which touch the affairs of many persons, there is reason for holding the trial in their view"). While the Western District of Pennsylvania may be interested in this case, there is no doubt that the outcome of this action will have the greatest impact in West Virginia.

Reviewing the remaining private and public factors, the Court does not discern that any of them alone or together carries sufficient weight in favor of either district. While Defendants have provided affidavits of numerous potential witness physicians, who indicate that it would be more convenient for them if this action were in West Virginia, the Court agrees with the government that nearly all pretrial preparation could be coordinated to accommodate the physicians, and that travel to Pittsburgh, if necessary, would be minimal. Likewise, given the technological manner in which books and records are kept, as well as the relatively short distance between Wheeling and Pittsburgh, it is difficult to conclude that this singular factor weighs in favor of transfer. Conversely, none of the remaining factors weigh against transfer. Thus, the Court finds that all other factors are either neutral, or do not sufficiently outweigh the factors that strongly favor transfer, as identified above.

# IV. CONCLUSION

Based on the foregoing, the Court finds that Defendants have met their burden of proving that venue is proper in West Virginia, and that convenience and justice would be served by transferring the action. Accordingly, this action shall be transferred to the Northern District of West Virginia forthwith. An appropriate Order shall be entered.

Date: _June 10, 2019_

_Marilyn J. Horan_
Marilyn J. Horan
United States District Court Judge